# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BURDSALL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 18-3188 |
| | : | |
| WEST WHITELAND TOWNSHIP, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

**Tucker, J.**                                                                  **May \_28\_\_\_, 2019**

      Before the Court is Defendant West Whiteland Township and West Whiteland Township Police Department's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion to Dismiss is GRANTED.

## I. FACTUAL BACKGROUND

      Since the Court is writing primarily for the Parties, who are familiar with this case, the Court need not set forth the factual or procedural background except insofar as it may be helpful to the Court's brief discussion.

      In June 2015, Plaintiff Charles Burdsall ("Plaintiff") was returning from a national car show when his right front tire blew, causing damage to the front fenders, molding, and chrome of his vehicle. In April 2016, Plaintiff took his car to Bulldog Rod & Custom, LLC ("Bulldog") for an estimate and Jim Seiple ("Seiple")—a Bulldog employee—informed Plaintiff that he would discuss an estimate with Plaintiff's insurance company. Accordingly, Plaintiff left his car at Bulldog.

In June 2016, Plaintiff received three checks, totaling $3,197.00, from his insurance company. Plaintiff offered the checks to Seiple who directed Plaintiff to hold onto them while Seiple continued to work with Plaintiff's insurance company.

Between July 1, 2016 and July 20, 2016, Plaintiff spoke to Bill Little ("Little")—a Bulldog employee—who provided Plaintiff with two invoices for $1,200.00 and $1,600.00. On July 26, 2016, Seiple emailed Plaintiff to inform him that Plaintiff's insurance company had covered $4,032.46 of the repairs, and that Plaintiff's remaining balance was $1,945.12. On July 27, 2016, Plaintiff informed a Bulldog employee that he would provide the insurance checks and the remaining balance of $1,945.12 by July 29, 2016. On that same day, Plaintiff emailed Seiple stating that he had spoken with a Bulldog employee and that he had picked up the car and would provide payment to Seiple by July 29, 2016. Unknown to Plaintiff, on July 27, 2016, Bulldog called the police and reported Plaintiff's car as stolen.

On July 28, 2016, Officer Leah M. Cesanek ("Officer Cesanek" or "Defendant") of the West Whiteland Police Department called Plaintiff and told him that Bulldog reported Plaintiff's vehicle as stolen. Officer Cesanek stated that if Plaintiff provided payment to Bulldog by July 29, 2016, there would be no further issue.

On July 28, 2016, Plaintiff "put the insurance checks . . . into the key slot at Bulldog and these checks were in Bulldog's possession by July 29, 2016, as affirmed by Bill Little of Bulldog." However, on August 6, 2016, Officer Cesanek informed Plaintiff that felony warrants had been issued for his arrest. Plaintiff contends that Bulldog intentionally failed to deposit Plaintiff's checks until August 2016.

On July 27, 2018, Plaintiff filed this lawsuit against West Whiteland Township, West Whiteland Police Department, Officer Cesanek, and Bulldog Rod & Custom, LLC. Plaintiff

contends that Defendants submitted an Affidavit of Probable Cause that "contained numerous false and misleading statements that Defendants knew or should have known to be false." Plaintiff asserts that Defendants, in crafting the Affidavit of Probable Cause, "deliberately ignored various pieces of exculpatory evidence such as emails and payments to Bulldog." Plaintiff asserts four causes of action against Defendants West Whiteland Township and West Whiteland Police Department:

- Count I: Violation of civil rights under 42 U.S.C. § 1983;
- Count II: Violations of rights insured by the Pennsylvania Constitution, Article I, Section 8;
- Count III: False arrest; and
- Count IV: Abuse of process.

Defendants West Whiteland Township and West Whiteland Police Department move to dismiss Counts I–IV for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true [] [and] construe the complaint in the light most favorable to the plaintiff." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 74 (3d Cir. 2011). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a 12(b)(6) motion, a complaint must contain sufficient factual allegations to state a claim for relief that is "plausible on its face." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). This "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."

*McTernan v. City of York*, 564 F.3d 636, 646 (3d Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). A claim is plausible if the complaint presents facts that allow the Court reasonably to infer wrongdoing by the defendant. *Iqbal*, 556 U.S. at 678. The plausibility requirement does not require that a complaint demonstrate that defendant's wrongdoing was probable. *Twombly*, 550 U.S. at 556. Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleaded facts must allow the Court "to infer more than the mere possibility of misconduct." *Iqbal*, 550 U.S. at 679. Determining whether a complaint has raised a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## III. DISCUSSION

Defendants West Whiteland Police Department and West Whiteland Township move to dismiss Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6). Having considered the Complaint and the Parties' briefs, the Court finds that Plaintiff's claims against Defendant West Whiteland Police Department fail as a matter of law and, therefore, Defendants' Motion to Dismiss West Whiteland Police Department is granted. Counts I–IV against West Whiteland Police Department are dismissed with prejudice. Plaintiff's claims against Defendant West Whiteland Township also fail as a matter of law with respect to Counts I–IV. Count I against West Whiteland Township is dismissed without prejudice; Counts II–IV against West Whiteland Township are dismissed with prejudice.

### A. Federal Claims

In Count I, Plaintiff asserts constitutional claims against West Whiteland Township and West Whiteland Police Department under 42 U.S.C. § 1983 for violation of his "Fourth

4

Amendment rights prohibiting arrest and prosecution without probable cause." Compl. 8, Doc. 1. Although it is unclear from Plaintiff's Complaint, Plaintiff appears to allege in his response to Defendants' Motion to Dismiss that West Whiteland Township and West Whiteland Police Department either: (1) followed a policy or custom that resulted in Plaintiff's arrest and prosecution without probable cause; or (2) failed to train their officers on proper arrest and prosecution procedures.

### i. 42 U.S.C. § 1983

Section 1983 imposes liability on anyone who, under color of state law, deprives a person of "any rights, privileges, or immunities secured by the Constitution and laws." *Blessing v. Freestone*, 520 U.S. 329, 341 (1997). A municipality cannot be held liable under 42 U.S.C. § 1983 for the unconstitutional actions of their employees under the theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). A municipality can only be held liable under Section 1983 when the alleged constitutional violation was caused by a policy, regulation, or decision officially adopted by the municipality. *Id.* at 690–91.

### 1. Count I alleging § 1983 liability against the West Whiteland Police Department is dismissed with prejudice.

Plaintiff's Section 1983 claim against the West Whiteland Police Department is improper. A local police department cannot be sued alongside its municipality because the police department is not a separate legal entity. *See Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."); *see also DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001), *Retzler v. Bristol Borough Police*, No. 08–3245, 2009 WL 595595, at *3 (E.D. Pa. Mar. 6, 2009). Here, because the West Whiteland Police Department is

merely an arm of West Whiteland Township—and, therefore, a redundant party—Defendants' Motion to Dismiss Plaintiff's Section 1983 claim against the West Whiteland Police Department is granted. Count I against the West Whiteland Police Department is dismissed with prejudice.

### 2. **Count I alleging § 1983 liability against West Whiteland Township is dismissed without prejudice.**

In Count I, Plaintiff's allegations against West Whiteland Township fall short of a sufficiently-pled *Monell* claim. To satisfy the pleading standard for municipal liability, a plaintiff must: "(1) identify a policy or custom that deprived [him] of a federally protected right, (2) demonstrate that the municipality, by its deliberate conduct, acted as the 'moving force' behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's injury." *Monell*, 436 U.S. at 692–94; *see also Buoniconti v. City of Phila.*, 148 F. Supp. 3d 425, 436 (E.D. Pa. 2015). "Failure to allege conduct by a municipal decisionmaker is fatal to a *Monell* claim." *Jacobs v. Palmer*, No.14-5797, 2015 WL 1033294, at *5 (E.D. Pa. Mar. 10, 2015) (internal quotations omitted); *Santiago v. Warminster Twp.*, 629 F.3d 121, 135 n.11 (3d Cir. 2010) (noting that a plaintiff has "the obligation to plead in some fashion that [the decision maker] had final policy making authority, as that is a key element of a *Monell* claim").

A plaintiff can also establish municipal liability by showing that the municipality failed to train its employees properly, and that such failure to train reflected "deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *see also Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) (citing *Harris*, 489 U.S. at 388). A plaintiff can demonstrate that policymakers were deliberately indifferent by showing that "policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to their injury." *Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir. 1990); *see also Simmons v. City of*

*Phila.*, 947 F.2d 1042, 1064 (3d Cir. 1991). Generally, to proceed under this theory, a plaintiff must plausibly plead facts suggesting a "pattern of similar constitutional violations." *Connick v. Thompson*, 563 U.S. 51, 62 (2011); *Owens v. Coleman*, 629 F. App'x 163, 167 (3d Cir. 2015) ("A pattern of similar constitutional violations is typically necessary to demonstrate deliberate indifference for purposes of failure to train.").

Plaintiff alleges Section 1983 claims against West Whiteland Township for illegal arrest and prosecution and for failure to train and supervise under the Fourth Amendment. Plaintiff's Complaint fails to allege facts: (1) suggesting that West Whiteland Township had a policy or custom that resulted in Plaintiff's illegal arrest and prosecution; or (2) suggesting a pattern of similar Fourth Amendment constitutional violations.

In *Wood v. Williams*, the Third Circuit determined that a plaintiff's failure to allege facts "showing any particular or specific policy or custom, or how it allowed the claimed constitutional violation to occur, identifying the policymaker or decisionmaker, or showing prior notice through a pattern of similar constitutional violations" did not satisfy the pleading standards under Rule 8 of the Federal Rules of Civil Procedure. 568 F. App'x 100, 105 (3d Cir. 2014). Accordingly, the Third Circuit affirmed dismissal of plaintiff's *Monell* claim. *Id.* at 106. Like the plaintiff in *Wood*, Plaintiff has failed to allege that an identified policymaker had knowledge of and acquiesced in the failure to train West Whiteland Police. Plaintiff does not allege facts showing other similar constitutional violations from which a plausible inference could be drawn that Defendant West Whiteland Township deliberately implemented inadequate training that caused Plaintiff's alleged illegal arrest and prosecution.

Accordingly, Defendants' Motion to Dismiss Count I is granted; Count I against West Whiteland Township is dismissed without prejudice.

7

B. **State Law Claims**

i. **Pennsylvania Political Subdivision Tort Claims Act**

The Pennsylvania Political Subdivision Tort Claims Act ("PSTCA") grants governmental immunity to local agencies against claims for damages on account of any injury to a person or to property except for negligent acts falling within one of eight categories: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals. 42 Pa. Cons. Stat. Ann. § 8542(b). Plaintiff does not allege negligence within any of the abovementioned categories, and thus his state law claims against the West Whiteland Police Department and West Whiteland Township are dismissed.

1. **<u>Count II against the West Whiteland Police Department is dismissed with prejudice.</u>**

In Count II, Plaintiff asserts that West Whiteland Police Department violated Plaintiff's "rights to be secure in his person, house, papers and possessions from unreasonable searches and seizures as set forth in Article I, Section 8 of the Pennsylvania Constitution by unlawfully, and with malicious purpose, initiating criminal proceedings against Plaintiff and detaining him without probable cause . . . ." Compl. 9, Doc. 1. Plaintiff maintains that as a result of West Whiteland Police Department's "deliberate and reckless disregard for [P]laintiff's constitutional rights, [they] should be held responsible for punitive damages." Compl. 9, Doc. 1.

Under the PSTCA, local agencies cannot be held liable for injuries caused by their own acts or the acts of their employees that constitute "crime[s], actual fraud, malice or willful misconduct." 42 Pa. Cons. Stat. § 8542(a)(2). "The Pennsylvania Supreme Court has defined willful misconduct as conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be

8

implied." *Allen v. Dist. Attorney's Office of Phila.*, 644 F. Supp. 2d 600, 611 (E.D. Pa. 2009) (citing *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir.2006)) (internal quotations omitted). Simply stated, "willful misconduct is synonymous with the term intentional tort." *Id.*

Here, Plaintiff's state law claims against the West Whiteland Police Department are intentional torts. *Agresta v. City of Phila.*, 694 F. Supp. 117, 123 (E.D. Pa. 1988), *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022–23 (Pa. Commw. Ct. 2014). Accordingly, the West Whiteland Police Department is immune under the PSTCA. Defendants' Motion to Dismiss Count II is granted. Count II against the West Whiteland Police Department is dismissed with prejudice.

### 2. Count III against the West Whiteland Police Department and West Whiteland Township is dismissed with prejudice.

In Count III, Plaintiff asserts a false arrest claim against the West Whiteland Police Department and West Whiteland Township "[f]or their deliberate and intentional acts in presenting a false and misleading Affidavit of Probable Cause to the District Justice" and that Defendants are therefore liable to Plaintiff for punitive damages. Compl. 10, Doc. 1. Plaintiff's state law claim for false arrest is an intentional tort that is subject to governmental immunity under the PSTCA. *Agresta*, 694 F.Supp. at 123; *see also Waldon v. Borough of Upper Darby*, 77 F.Supp.2d 655, 659 (E.D. Pa. 2011). Accordingly, Defendants' Motion to Dismiss Count III is granted; Count III against the West Whiteland Police Department and West Whiteland Township is dismissed with prejudice.

### 3. Count IV against the West Whiteland Police Department and West Whiteland Township is dismissed with prejudice.

In Count IV, Plaintiff asserts an abuse of process claim against the West Whiteland Police Department and West Whiteland Township for "employ[ing] legal process to accomplish

9

a purpose for which it was not designed; to charge an innocent man [] [of] a crime." Compl. 11, Doc. 1. Plaintiff's state law claim for abuse of process is an intentional tort that is subject to governmental immunity under the PSTCA. *Williams v. Borough of Olyphant*, No. 13-2945, 2016 WL 595394, at *3 (M.D. Pa. 2016 Feb. 12, 2016); *see also Tarlecki v. Borough of Darby*, No. 92-1091, 1992 WL 172729, at *6 (E.D. Pa. 1992 July 14, 1992), *Gonzalez v. City of Bethlehem*, No. 93-1445, 1993 WL 276977, at *3 (E.D. Pa. 1993 July 13, 1993), *Orange Stones*, 87 A.3d at 1022–23. Accordingly, Defendants' Motion to Dismiss Count IV is granted; Count IV against the West Whiteland Police Department and West Whiteland Township is dismissed with prejudice.

### C. Leave to Amend

A district court must ordinarily permit a curative amendment unless such an amendment would be futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice, and futility. *Id.* at 236. An opportunity to amend must be offered, irrespective of whether a plaintiff specifically makes such a request. *Id.* at 235. Accordingly, the Court will grant Plaintiff twenty-one days (21) in which to file an amended complaint properly setting forth the factual basis for his Section 1983 claims against Defendant West Whiteland Township. Plaintiff's failure or inability to do so will, upon proper motion by Defendants, result in dismissal of any deficient claims with prejudice.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED. Counts I, II, III, and IV against the West Whiteland Police Department are DISMISSED WITH PREJUDICE. Count I against West Whiteland Township is DISMISSED WITHOUT

10

PREJUDICE; Counts II, III, and IV against West Whiteland Township are DISMISSED WITH PREJUDICE.