## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES BURDSALL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 18-3188** |
| | : | |
| **WEST WHITELAND TOWNSHIP, et al.,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

**Tucker, J.**                                                              **April 28, 2020**

Before the Court are Motions to Dismiss Plaintiff's Amended Complaint (ECF No. 23) submitted by Defendant Officer Leah M. Cesanek (ECF No. 27), Defendant West Whiteland Township (ECF No. 24), and Defendants Bulldog Rod & Custom, LLC and William Little (collectively "Defendants") (ECF No. 25). For the following reasons, all Motions are GRANTED.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

In June 2015, Plaintiff Charles Burdsall ("Plaintiff") was returning from a national car show when his right front tire blew, causing damage to the front fenders, molding, and chrome of his vehicle. Am. Compl. ¶ 11, ECF No. 23. In April 2016, Plaintiff took his car to Bulldog Rod & Custom, LLC ("Bulldog") for an estimate and Jim Seiple ("Seiple")—a Bulldog employee— informed Plaintiff that he would discuss an estimate with Plaintiff's insurance company. Am. Compl. ¶ 13–14. Accordingly, Plaintiff left his car at Bulldog. Am. Compl. ¶ 14.

In June 2016, Plaintiff received three checks, totaling $3,197.00, from his insurance company. Am. Compl. ¶ 24. Plaintiff offered the checks to Seiple who directed Plaintiff to hold onto them while Seiple continued to work with Plaintiff's insurance company. Am. Compl. ¶ 24.

Between July 1, 2016 and July 20, 2016, Plaintiff spoke to Bill —a Bulldog employee— who provided Plaintiff with two invoices for $1,200.00 and $1,600.00. Am. Compl. ¶ 26. On July 26, 2016, Seiple emailed Plaintiff to inform him that Plaintiff's insurance company had covered $4,032.46 of the repairs, and that Plaintiff's remaining balance was $1,945.12. Am. Compl. ¶ 29. On July 27, 2016, Plaintiff informed a Bulldog employee that he would provide the insurance checks and the remaining balance of $1,945.12 by July 29, 2016. Am. Compl. ¶ 30. On that same day, Plaintiff emailed Seiple stating that he had spoken with a Bulldog employee and that he had picked up the car and would provide payment to Seiple by July 29, 2016. Am. Compl. ¶ 30. Unknown to Plaintiff, on July 27, 2016, Bulldog called the police and reported Plaintiff's car as stolen. Am. Compl. ¶ 33.

On July 28, 2016, Officer Leah M. Cesanek ("Officer Cesanek") of the West Whiteland Police Department called Plaintiff and told him that Bulldog reported Plaintiff's vehicle as stolen. Am. Compl. ¶ 34.  Officer Cesanek stated that if Plaintiff provided payment to Bulldog by July 29, 2016, there would be no further issue. Am. Compl. ¶ 36.

On July 28, 2016, Plaintiff "put the insurance checks . . .  into the key slot at Bulldog and these checks were in Bulldog's possession by July 29, 2016, as affirmed by [Bill] Little [of Bulldog]." Am. Compl. ¶ 37. However, on August 6, 2016, Officer Cesanek informed Plaintiff that felony warrants had been issued for his arrest. Am. Compl. ¶ 39.  Plaintiff contends that Bulldog intentionally failed to deposit Plaintiff's checks until August 2016. Am. Compl. ¶ 38.

On July 27, 2018, Plaintiff filed a lawsuit against West Whiteland Township ("the Township"), West Whiteland Police Department, Officer Cesanek, and Bulldog. Compl., ECF No. 1. On May 28, 2019, this Court dismissed with prejudice all claims against West Whiteland Police Department and all but one claim against the Township. Order, ECF No. 22. This Court dismissed Plaintiff's Section 1983 claim against the Township without prejudice and granted Plaintiff leave to file an amended complaint. Order, ECF No. 22. As such, Defendants Bulldog and Officer Cesanek's Motions to Dismiss were denied as moot. Order, ECF No. 22.

Plaintiff filed his Amended Complaint on June 17, 2019. ECF No. 23. The Amended Complaint brings Section 1983 Claims against Officer Cesanek (Count I), the Township (Count II), and Bulldog and Little (Count III). ECF No. 23. The Amended Complaint also adds claims for violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") and negligent representation (Counts IV and V) against Bulldog and Little. ECF No. 23.

Defendant Cesanek moved to dismiss Count I for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on July 1, 2019. Mot. to Dismiss, ECF No. 27. Defendant the Township likewise moved to dismiss Count II for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on July 1, 2019. Mot. to Dismiss, ECF No. 24. Defendants Bulldog and William Little ("Little") move to dismiss Counts III–V for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and additionally move to dismiss Counts IV and V for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on July 1, 2019. Mot. to Dismiss, ECF No. 25.

## II.   STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true [] [and] construe the complaint in the light

most favorable to the plaintiff." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 74 (3d Cir. 2011). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a 12(b)(6) motion, a complaint must contain sufficient factual allegations to state a claim for relief that is "plausible on its face." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). This "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *McTernan v. City of York*, 564 F.3d 636, 646 (3d Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible if the complaint presents facts that allow the Court reasonably to infer wrongdoing by the defendant. *Iqbal*, 556 U.S. at 678. The plausibility requirement does not require that a complaint demonstrate that defendant's wrongdoing was probable. *Twombly*, 550 U.S. at 556. Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleaded facts must allow the Court "to infer more than the mere possibility of misconduct." *Iqbal*, 550 U.S. at 679. Determining whether a complaint has raised a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## III.   DISCUSSION

Plaintiff brings claims against Officer Cesanek, the Township, and Little and Bulldog under 42 U.S.C. Section 1983. In addition, he brings claims for negligent misrepresentation and violation of the UTPCPL against Little and Bulldog. The Township and Little and Bulldog have moved to dismiss all claims against them. Officer Cesanek has moved to dismiss the Section 1983 claim against her to the extent the claim arises out of violations of the Constitution of the

Commonwealth of Pennsylvania. For the reasons outlined below, all of the Motions to Dismiss are GRANTED.

### A.  Federal Claims

In Counts I, II and III, Plaintiff asserts constitutional claims against Officer Cesanek, the Township, and Defendants Little and Bulldog, respectively, under 42 U.S.C. Section 1983.

### i.        42 U.S.C. Section 1983

Section 1983 imposes liability on anyone who, under color of state law, deprives a person of "any rights, privileges, or immunities secured by the Constitution and laws." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). The deprivation must have been caused by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A party is a state actor for purposes of Section 1983 if he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority the of state law." *Id.* at 49 (quoting *U.S. v. Classic*, 313 U.S. 299, 326 (1941)). A municipality can only be held liable under Section 1983 when the alleged constitutional violation was caused by a policy, regulation, or decision officially adopted by the municipality. *Id.* at 690–91.

### 1.  Count I:  Section 1983 claim against Officer Cesanek

Plaintiff may proceed with his Section 1983 claim against Officer Cesanek to the extent he alleges violations of the United States Constitution. A deprivation of rights under the Pennsylvania Constitution cannot form the basis of a Section 1983 claim. *See Kuhns v. City of Allentown*, 636 F. Supp. 2d 418, 421 (E.D. Pa. 2009) ("[Section] 1983 provides a remedy for the violation of federal, not state, constitutional rights").

Officer Cesanek filed a Praecipe to Withdraw her Motion to Dismiss the Fourth Amendment wrongful arrest claim. Praecipe, ECF No. 31. In the Praecepie, Officer Cesanek

stated she is still pursuing her Motion to Dismiss all of Plaintiff's Section 1983 claims arising out of the Constitution of the Commonwealth of Pennsylvania. Praecipe, at ¶ 6. As such, Defendant Cesanek's Motion to Dismiss Plaintiff's claims arising from the Constitution of the Commonwealth of Pennsylvania is GRANTED. Plaintiff may continue to pursue his Section 1983 claim against Officer Cesanek for false arrest based upon violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

### 2. Count II: Section 1983 claim against the Township

To satisfy the pleading standard for municipal liability, a plaintiff must: (1) identify a policy or custom that deprived him of a federally protected right, (2) demonstrate that the municipality, by its deliberate conduct, acted as the 'moving force' behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's injury. *Monell*, 436 U.S. at 692–94; *see also Buoniconti v. City of Phila.*, 148 F. Supp. 3d 425, 436 (E.D. Pa. 2015). "Failure to allege conduct by a municipal decisionmaker is fatal to a *Monell* claim." *Jacobs v. Palmer*, No.14-5797, 2015 WL 1033294, at *5 (E.D. Pa. Mar. 10, 2015) (internal quotations omitted); *Santiago v. Warminster Twp.*, 629 F.3d 121, 135 n.11 (3d Cir. 2010) (noting that a plaintiff has "the obligation to plead in some fashion that [the decision maker] had final policy making authority, as that is a key element of a *Monell* claim").

A plaintiff can also establish municipal liability by showing that the municipality failed to train its employees properly, and that such failure to train reflected "deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *see also Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) (quoting *Harris*, 489 U.S. at 388). A plaintiff can demonstrate that policymakers were deliberately indifferent by showing that "policymakers were aware of similar unlawful conduct in the past,

but failed to take precautions against future violations, and that this failure, at least in part, led to their injury." *Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir. 1990); *see also Simmons v. City of Phila.*, 947 F.2d 1042, 1064 (3d Cir. 1991). Generally, to proceed under this theory, a plaintiff must plausibly plead facts suggesting a "pattern of similar constitutional violations." *Connick v. Thompson*, 563 U.S. 51, 62 (2011); *Owens v. Coleman*, 629 F. App'x 163, 167 (3d Cir. 2015) ("A pattern of similar constitutional violations is typically necessary to demonstrate deliberate indifference for purposes of failure to train.").

A plaintiff's failure to allege facts "showing any particular or specific policy or custom, or how it allowed the claimed constitutional violation to occur, identifying the policymaker or decisionmaker, or showing prior notice through a pattern of similar constitutional violations" does not satisfy the pleading standards under Rule 8 of the Federal Rules of Civil Procedure. *Wood v. Williams*, 568 F. App'x 100, 105 (3d Cir. 2014). Unless a plaintiff can demonstrate that his injuries were caused by an existing, unconstitutional policy, attributable to a policymaker, proof of a single constitutional violation is not sufficient to impose municipal liability. *Id.* at 105–106 (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985)).

Plaintiff does not allege any facts that demonstrate a pattern of constitutional violations by the Township, nor does he identify any policy or decisionmaker responsible for creating unconstitutional policies within the police department. The essence of Plaintiff's claim is that because his rights were allegedly violated, such violation alone is evidence of a policy and pattern of constitutional violations by the Township. Plaintiff's allegations on their own do not create municipal liability under Section 1983. Plaintiff must point to something more than his experience in order to form a viable claim.

Taking all of Plaintiff's assertions as true, he does not make out a viable *Monell* claim. Accordingly, Defendant's the Township's Motion to Dismiss Count II is GRANTED.

### 3.   Count III: Section 1983 Claim against Little and Bulldog

An individual cannot be liable under a Section 1983 claim unless he is acting "under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Action by a private individual is not "converted" to one under color of state law simply due to a "tenuous connection to state action." *Id*. at 639. The private party must have "assume[d] the authority of the state, through enforceable custom or law, in conjunction with state officials." *Cruz v. Donnelly*, 727 F.2d 79, 80 (3d Cir. 1984). Furthermore, the state must have "clothed" the individual with the authority of state law. *Groman,* 47 F.3d at 638.

To state a claim for conspiracy under Section 1983, a plaintiff must establish "(1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Gale v. Storti*, 608 F. Supp. 2d 629, 635 (E.D. Pa. 2009). To properly plead conspiracy, a plaintiff must "assert facts from which a conspiratorial agreement can be inferred." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "Bare allegations of conspiracy, or the assertion that Defendants engaged in a concerted action of a kind not likely to occur in the absence of agreement, are insufficient." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 645 (E.D. Pa. 2014). The allegations must be "particularized" and address the period of the conspiracy, along with the objectives of the conspiracy and actions taken in furtherance of those objectives. *See Outterbridge v. Pennsylvania Dep't of Corrections, 2000 WL 795874, at \*3 (*E.D. Pa. June 7, 2000*) (citing Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989)). Conspiracy claims will be dismissed where the allegations do not suggest that a "meeting of the minds" occurred between

the alleged co-conspirators to violate the rights of the plaintiff. *Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008).

Plaintiff alleges the following: Officer Cesanek called him to advise him that Little had reported his car as stolen, and that if Plaintiff dropped payment checks off at Bulldog, there would be no problem. Am. Compl. ¶ 34–36. Plaintiff dropped the check off that night and Little acknowledged he had received it the next day. Am. Compl. ¶ 37. However, Little intentionally waited to deposit the checks, and as a result, Officer Cesanek arrested Plaintiff. Am. Compl. ¶ 38–40.

Plaintiff further alleges that Little assisted Officer Cesanek in preparing a false affidavit and that Officer Cesanek fabricated the charges against him. Am. Compl. ¶ 42. Finally, Plaintiff alleges that "Little, acting as agent and on behalf of Defendant Bulldog, as a private party, acted under color of state law by conspiring with Officer Cesanek to provide her with [false] evidence and to facilitate a false report, and then withhold evidence against the Plaintiff in order to have Plaintiff falsely arrested for trespass and theft." Am. Compl. ¶ 66.

Such allegations do not rise to the level of conspiracy. Nowhere in the Amended Complaint does Plaintiff allege facts that Bulldog or Little entered into an agreement with Officer Cesanek to deprive him of his constitutional rights. Additionally, Plaintiff has failed to plead facts that Officer Cesanek and Defendants Bulldog and Little both wanted Plaintiff falsely arrested. Thus, Plaintiff has not pointed to a meeting of the minds to violate his rights. As such, Plaintiff does not sufficiently allege a conspiracy as required to hold Little and Bulldog liable as state actors. Therefore, Defendants Bulldog and Little's Motion to Dismiss Plaintiff's Section 1983 claim is GRANTED.

### B. State Law Claims

Plaintiff brings Pennsylvania state law claims for violation of the UTPCPL and negligent misrepresentation against Little and Bulldog.

#### 1. Count IV: Unfair Trade Practices and Consumer Protection Law Claim against Little and Bulldog

The UTPCPL creates a private right of action for "[a]ny person who purchases or leases goods or services . . . and thereby suffers any ascertainable loss . . . as a result of the use or employment by any person of a method, act or practice declared unlawful." 73 Pa. Stat. Ann. § 201–9.2(a). The loss must occur "as a result of unlawful conduct under the UTPCPL." *Seldon v. Home Loan Services, Inc*., 647 F.Supp.2d 451, 465 (E.D. Pa. 2009). A plaintiff is required to demonstrate justifiable reliance on the unlawful conduct, not simply that the unlawful conduct caused his injuries. *See Id.* (citing *Hunt v. U.S. Tobacco Co*., 538 F.3d 217, 221 (3d Cir.2008)). A plaintiff must "show that he justifiably . . . engaged in . . . detrimental activity [] because of the misrepresentation." *Hunt*, 538 F.3d at 222 n.4. It is not enough for a plaintiff to merely allege "that the wrongful conduct caused the plaintiff's injuries." *Seldon*, 647 F.2d at 465.

Nowhere in his complaint does Plaintiff allege that he relied on any misrepresentations made by Bulldog and Little. While he alleges that Bulldog, through its agent Little, provided false reports and evidence to the police, Plaintiff does not allege that he himself relied on these false statements. *See* Pl.'s Am. Compl. ¶ 72. Additionally, Plaintiff has failed to provide evidence beyond a causal connection between the alleged misrepresentation and his arrest. Therefore, even taking all of Plaintiff's allegations as true, he does not plead a viable claim under the UTPCPL because he does not establish any reliance on his part. As such, Little and Bulldog's Motion to Dismiss Plaintiff's UTPCPL claim is GRANTED.

>2.   **Count V: Negligent Misrepresentation Claim against Bulldog and Little**

The elements of a common law claim for negligent misrepresentation are: "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Gongloff Contracting, L.L.C. v. L. Robert Kimball & Associates, Architects and Engineers, Inc*., 119 A.3d 1070, 1076 (Pa. Super. 2015).

Plaintiff simply does not assert a viable claim for negligent misrepresentation. The injured party must be the party who relied on this misrepresentation to his *own* detriment. Plaintiff alleges that Bulldog provided false information to the police, *Officer Cesanek* relied on that information, that reliance led her to arrest Plaintiff, and the arrest was to *his* detriment. *See* Pl.'s Am. Compl. ¶ 78–82. Even taking all of Plaintiff's allegations as true, he does not allege that he himself relied on the misinformation to his own detriment. As such, Little and Bulldog's Motion to Dismiss Plaintiff's negligent misrepresentation claim is GRANTED.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are GRANTED. Count I against Defendant Officer Cesanek is DISMISSED WITH PREJUDICE, IN PART. Count II against Defendant the Township is DISMISSED WITH PREJUDICE. Count III against Defendants Little and Bulldog is DISMISSED WITHOUT PREJUDICE. Counts IV and V against Defendants Little and Bulldog are DISMISSED WITHOUT PREJUDICE.